# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MATTHEW SPECTOR | CIVIL ACTION |
| VERSUS | CASE NO. 18-8806 |
| USAA CASUALTY INSURANCE COMPANY, *et al.* | SECTION: "G"(1) |

## ORDER

Pending before the Court is Defendant the Sewerage and Water Board of New Orleans' ("SWB") Motion to Dismiss.[1] In this litigation, Plaintiff Matthew Spector ("Plaintiff") alleges that Defendants SWB, the City of New Orleans, and Wallace C. Drennan, Inc. are liable for flood damage to his home that was allegedly exacerbated by nearby street repairs.[2] Plaintiff also alleges that Defendants USAA General Indemnity Company and USAA Casualty Insurance Company (collectively "Defendant Insurance Companies") are liable for improperly adjusting his insurance claim following the flooding event.[3] Having considered the motion, the memoranda in support and in opposition, oral argument, and the applicable law, the Court will deny the motion without prejudice and grant Plaintiff leave to amend the Complaint to address the deficiencies noted in this Order, if possible.

---

[1] Rec. Doc. 20.

[2] Rec. Doc. 1-2 at 4–5.

[3] *Id.* at 3.

1

## I. Background

*A.    Factual Background*

According to the Petition, Plaintiff owns property in New Orleans and carried flood insurance through Defendant Insurance Companies.[4] Plaintiff alleges that during August 2017, a rain and wind event caused flooding and significant damage to his property.[5] Plaintiff alleges that before the rain and wind event, the City of New Orleans hired Wallace C. Drennan, Inc. to repair street drainage near his home, and that this work was ongoing during the rain and wind event.[6] Plaintiff alleges that these repairs were performed negligently, and as a result, rain waters from the street pooled onto his property and caused damage to his home.[7]

Plaintiff also alleges that at the time of the rain and wind event, Plaintiff held a flood insurance policy with Defendant Insurance Companies.[8] Plaintiff alleges that within days of the rain event, he notified Defendant Insurance Companies of his loss and filed claims.[9] Plaintiff alleges that Defendant Insurance Companies sent adjusters to evaluate his losses.[10] Plaintiff then alleges that he provided his insurers with additional documentation of his loss and that Defendant Insurance Companies refused to re-evaluate his claims.[11] Plaintiff alleges that Defendant

---

[4] *Id*. at 2.

[5] *Id.*

[6] *Id.* at 4.

[7] *Id.*

[8] *Id.* at 2.

[9] *Id.*

[10] *Id.*

[11] *Id.* at 3.

Insurance Companies violated the National Flood Insurance Act, flood insurance regulations, federal common law, and their own rules by negligently, and in bad faith, failing to adjust his claims.[12]

## B. *Procedural Background*

Plaintiff filed a Petition in the Civil District Court for the Parish of Orleans, State of Louisiana, on August 3, 2018.[13] Defendant USAA General Indemnity Co. removed the case to this Court on September 20, 2018, asserting that this Court has original jurisdiction over Plaintiff's federal law claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.[14]

Defendant SWB filed the instant Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on November 30, 2018.[15] Plaintiff filed an opposition on December 17, 2018.[16] Upon Plaintiff's request, the Court heard oral argument on January 30, 2019.[17]

## II. Parties' Arguments

### A. *SWB's Arguments in Support of the Motion to Dismiss*

In the Motion to Dismiss, SWB argues that Plaintiff cannot state a claim against SWB because under Louisiana Revised Statute § 9:2798.1, SWB is immune from liability for

---

[12] *Id.*

[13] Rec. Doc. 1-1.

[14] *See* Rec. Doc. 1.

[15] Rec. Doc. 20.

[16] Rec. Doc. 26.

[17] Rec. Doc. 24.

3

policymaking and discretionary acts, including those acts alleged by Plaintiff.[18] SWB argues that under the statute, "[l]iability shall not be imposed on public entities or their officers or employees based upon the exercise or performance or the failure to exercise or perform their policymaking or discretionary acts when such acts are within the course and scope of their lawful powers and duties."[19]

SWB argues that, as used in the statute, "public entity" includes the State and any of its political subdivisions, and the departments, offices, agencies, boards, commissions, instrumentalities, officers, officials, and employees of such political subdivisions.[20] SWB argues that it falls within this definition as a "board" created by the State.[21]

Then, SWB argues that there is a two-step inquiry to determine if discretionary function immunity applies under the statute.[22] First, SWB argues that a court should find immunity applies if a government employee exercised a choice.[23] Second, SWB argues that a court should find immunity applies if the decision is grounded in social, economic, or political policy.[24] SWB argues that Louisiana courts have found discretionary function immunity applied in similar cases where a parish made decisions regarding a drainage system based on social and economic

---

[18] Rec. Doc. 20-1 at 4.

[19] *Id.* (citing La. R.S. § 9:2798.1(B)).

[20] *Id.*

[21] *Id.* (citing La. R.S. § 9:2798.1(A)).

[22] *Id.*

[23] *Id.* at 5 (*Berkovitz v. United States*, 486 U.S. 531, 536 (1995)).

[24] *Id.* (citing *Berkovitz*, 486 U.S. at 536).

4

considerations.²⁵ SWB argues that in the instant case, their decision to conduct maintenance to drainage systems is discretionary and therefore is protected by discretionary function immunity.²⁶

B.  *Plaintiff's Arguments in Opposition to the Motion to Dismiss*

In opposition, Plaintiff alleges that the SWB is responsible for the negligent work it performed, and negligent work performed by contractors on its behalf, related to street repairs near Plaintiff's property.²⁷ Plaintiff argues that while La. R.S. § 9:2798.1 protects policymakers for claims related to discretionary decision-making, it does not protect policymakers from negligent conduct at the operational level in carrying out those discretionary decisions.²⁸ Plaintiff argues that his claims are not related to the discretionary decision to conduct maintenance on his street, but for negligent conduct in carrying out that maintenance.²⁹ Plaintiff compares this case to cases decided by the Louisiana Second Circuit Court of Appeal and the Louisiana Fourth Circuit Court of Appeal, holding that governmental entities can be held liable for failure to properly complete street drainage repairs.³⁰

Plaintiff also argues that even if the Court finds the conduct of SWB amounted to a fully discretionary decision, the immunity statute should not apply because the work was not reasonably related to a legitimate government purpose or it constituted "malicious, intentional, willful,

---

²⁵ *Id.* at 5–6 (citing *Marino v. Parish of St. Charles*, 09-197 (La. App. 5 Cir. 10/27/09), 27 So.3d 926, 928–932).

²⁶ *Id.* at 6.

²⁷ Rec. Doc. 26 at 1.

²⁸ *Id.* at 2 (citing *Hebert v. Adcock*, 2010–887 (La. App. 3 Cir. 2/2/11), 55 So. 3d 1007).

²⁹ *Id.*

³⁰ *Id.* at 3 (citing *Nick Farone Music Ministry v. City of Bastrop*, 47, 410 (La. App. 2 Cir. 9/26/12), 106 So. 3d 125; *Franatovich v. St. Bernard Parish Government*, 2011-1128 (La. App. 4 Cir. 3/21/12), 88 So. 3d 1169).

5

outrageous, reckless, or flagrant misconduct," which is not protected by the immunity statute.[31]

C.   *SWB's Arguments in Further Support of the Motion to Dismiss*

In reply, SWB argues that Plaintiff cannot bring a claim for "malicious, intentional, willful, outrageous, reckless, or flagrant misconduct" because there are no allegations of such conduct in the Complaint.[32] Additionally, SWB argues that any alleged damage to Plaintiff's property was caused by "the unprecedented rain event in August 2017" and was not a result of individual operational decisions for "ongoing street construction and repairs."[33]

## **III. Legal Standard**

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted."[34] A motion to dismiss for failure to state a claim is "viewed with disfavor and is rarely granted."[35] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[36] "Factual allegations must be enough to raise a right to relief above the speculative level."[37] A claim is facially plausible when the plaintiff has pleaded facts that allow the court to "draw a reasonable inference that the defendant is liable for the misconduct alleged."[38]

---

[31] *Id.* at 3–4.

[32] Rec. Doc. 38 at 1.

[33] *Id.* at 2.

[34] Fed. R. Civ. P. 12(b)(6).

[35] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

[36] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2008)).

[37] *Twombly*, 550 U.S. at 556.

[38] *Id.* at 570.

On a motion to dismiss, asserted claims are liberally construed in favor of the claimant, and all facts pleaded are taken as true.[39] However, although required to accept all "well-pleaded facts" as true, a court is not required to accept legal conclusions as true.[40] "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."[41] Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice.[42] The complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[43] That is, the complaint must offer more than an "unadorned, the defendant-unlawfully-harmed-me accusation."[44] From the face of the complaint, there must be enough factual matter to raise a reasonable expectation that discovery will reveal evidence as to each element of the asserted claims.[45] If factual allegations are insufficient to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an "insuperable" bar to relief, the claim must be dismissed.[46]

---

[39] *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007).

[40] *Iqbal*, 556 U.S. at 677–78.

[41] *Id.* at 679.

[42] *Id.* at 678.

[43] *Id.*

[44] *Id.*

[45] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009).

[46] *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007); *Moore v. Metro. Human Serv. Dep't*, No. 09-6470, 2010 WL 1462224, at * 2 (E.D. La. Apr. 8, 2010) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

## IV. Analysis

Louisiana Revised Statute § 9:2798.1 protects public entities, their officers, and employees from liability for policymaking or discretionary acts or omissions within the course of their duties. As used in the statute, a "public entity" includes the "board" of any political subdivision of the state.[47] The statute provides exceptions where the acts or omission are not "reasonably related to the legitimate government objective for which the policymaking or discretionary power exists" or where the acts or omissions constitute "criminal, fraudulent, malicious, intentional, willful, outrageous, reckless, or flagrant misconduct."[48] There is no dispute that SWB qualifies as a "public entity" under Louisiana Revised Statute § 9:2798.1. Further, it appears that SWB's discretionary decision to conduct street repairs is protected by the statute.[49] In fact, at oral argument, Plaintiff made it clear that he does not contest that SWB's decision to conduct street repairs is protected by discretionary immunity. Rather, Plaintiff alleges a claim for negligent conduct in carrying out those street repairs at an operational level.[50]

Louisiana courts have found that the immunity in discretionary matters exercised by a governmental agency is not absolute.[51] The Louisiana Constitution provides that "[n]either the state, a state agency, nor political subdivision shall be immune from suit and liability in contract

---

[47] La. R.S. 9:2798.1.

[48] *Id.*

[49] *Id.*

[50] Rec. Doc. 1-2 at 4.

[51] See *Mitter v. St. John the Baptist Parish*, 05–375 (La. App. 5 Cir. 12/27/05), 920 So. 2d 263, *writ denied*, 06–0254 (La. 5/26/06), 930 So. 2d 21 (citing *McCloud v. Parish of Jefferson*, 383 So. 2d 477, (La. App. 4 Cir. 1980).

8

or for injury to person or property."[52] In *McCloud v. Jefferson Parish*, the Louisiana Fourth Circuit Court of Appeal held that a parish could be liable for negligence related to improvement and repair work conducted on a drainage system.[53] In that case, the court reversed the state trial court's order dismissing the plaintiffs' claims against the parish.[54] The court held that the plaintiffs' had stated a cause of action against the parish by alleging that their property had sunk as result of the absence of an effective drainage system, that the parish's negligence consisted of failure to provide adequate drainage after undertaking to do so, and that parish had approved the addition of new subdivisions knowing that such would overtax existing drainage system and would cause aforementioned damage.[55] In a concurring opinion, then Judge Lemmon stated that "[o]nce a governmental body . . . undertakes to provide drainage or to make general improvements to an existing system, it has a duty to perform this function according to reasonable standards and in a manner which does not cause damage to particular citizens[.]"[56]

Other Louisiana courts have reached similar conclusions in dealing with negligent conduct related to discretionary immunity statutes, as in this case. In *Mitter v. St. John the Baptist Parish*, property owners brought a complaint for property damage that occurred when the parish alleviated drainage problems in an adjacent subdivision.[57] The Louisiana Fifth Circuit Court of Appeal held

---

[52] Louisiana Constitution, Article 12, Section 10(A).

[53] *McCloud*, 383 So. 2d at 479.

[54] *Id.*

[55] *Id.*

[56] *Id.* at 478.

[57] *Mitter*, 920 So. 2d at 264.

9

that "[i]t is unthinkable that a governmental authority could be protected from liability in a case such as this where improvements to the drainage system relieving the problems of certain citizens . . . causes problems to other citizens."[58] Similarly, in *Fowler v. Roberts*, the Louisiana Supreme Court found that an immunity statute did not protect the State Department to Public Safety for liability related to negligent licensing procedures that lead to an automobile accident.[59] In reaching its decision, the court found that "[w]hen the government acts negligently for reasons unrelated to public policy considerations, it is liable to those it injures."[60]

At oral argument, SWB tried to distinguish two of the cases from the Louisiana Court of Appeal, cited by the Plaintiff in opposition to the instant motion, *Hebert v. Adcock*[61] and *Franatovich v. St. Bernard Parish Government*.[62] The plaintiff in *Hebert* brought a negligence claim, alleging that police officers improperly obtained a search warrant and entered his premises, causing a personal injury in the process.[63] SWB argued that in *Hebert*, the court found that defendants were not protected by the discretionary immunity statute because the Louisiana Code of Criminal Procedure specifically prescribed a course of action for defendants, thus the action was not discretionary.[64] However, SWB's argument is misleading, as the criminal statute in that case was only used to measure negligence. The court ultimately found that the government was

---

[58] *Id.*

[59] *Fowler v. Roberts*, 556 So. 2d 1, 2 (La. 1989).

[60] *Id.* at 15–16.

[61] 2010–887 (La. App. 3 Cir. 2/2/11), 55 So. 3d 1007.

[62] 2011-1128 (La. App. 4 Cir. 3/21/12), 88 So. 3d 1169.

[63] *See Hebert*, 55 So. 3d at 1009.

[64] *Id.* at 1012.

10

"not immune from liability under La.R.S. [§] 9:2798.1 because that statute does not protect against legal fault or negligent conduct at the operational level."[65]

SWB also argued that *Franatovich* was distinguishable because the negligent conduct at issue in that case created an obvious hazard.[66] In *Franatovich*, plaintiffs filed a personal injury suit against the parish after driving their vehicle into a large hole dug by maintenance workers employed by the parish conducting drainage repair.[67] While court assessed the obviousness of the hazard, this assessment was part of the larger negligence inquiry conducted by the court.[68] The court's determination that the parish's decision to dig the hole was an operational decision, not protected by the immunity statute, was not contingent upon the obviousness of the hazard. Here, the obviousness of the hazard should only come into play in determining if SWB was in fact negligent, and should not be a bar to Plaintiff at the pleading stage.

Based on this precedent, while the discretionary decision to perform street repair is protected under the immunity statute, the alleged negligent undertaking of that work is not protected. In the Complaint, Plaintiff alleges that "the City of New Orleans and the Sewerage & Water Board are liable for the work performed on its behalf by their contractors and/or for the negligent work of their own work crews."[69] This is a claim of negligent undertaking of repairs. However, Plaintiff only presents a conclusory allegation of negligence, which remains

---

[65] *Id.* at 1014.

[66] *See* 88 So. 3d 1169.

[67] *Id.* at 1172–73.

[68] *Id.* at 1177.

[69] Rec. Doc. 1-2 at 4.

11

unsupported by factual allegations explaining how SWB breached a duty in this case. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."[70]

Louisiana courts conduct a "duty-risk analysis" to determine whether a defendant is liable for negligence.[71] To prevail on a negligence claim, a plaintiff must prove five elements: (1) the defendant had a duty to conform his conduct to a specific standard of care; (2) the defendant's conduct failed to conform to the appropriate standard of care; (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries; (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries; and (5) the defendant's conduct caused actual damages.[72]

Here, Plaintiff has alleged an injury arising from negligent conduct, but Plaintiff has not properly alleged duty, breach, or causation.[73] However, because dismissal is a harsh remedy, short of granting a motion to dismiss, a court may grant a plaintiff leave to amend his complaint.[74] Therefore, the Court will deny SWB's motion without prejudice and grant Plaintiff leave to amend the Complaint to address the deficiencies noted by the Court, if possible.

## IV. Conclusion

SWB's decision to conduct street repairs near Plaintiff's street is discretionary and is thus

---

[70] *Iqbal,* 556 U.S. at 679.

[71] La. Civ. Code art. 2315; *Lemann v. Essen Lane Daiquiris, Inc.*, 2005-1095 (La. 3/10/06), 923 So. 2d 627, 632–33 (citing *Mathieu v. Imperial Toy Corporation*, 94-0952 (La.11/30/94), 646 So.2d 318, 321); *see also Nagle v. Gusman*, 61 F. Supp. 3d 609, 620 (E.D. La. 2014) (Vance, J.).

[72] *Lemann*, 923 So. 2d at 633.

[73] *See* Rec. Doc. 1-2 at 4.

[74] *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1175 (5th Cir. 2006) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597–98 (5th Cir. 1981)).

12

protected by the discretionary immunity statute. However, SWB is not immune from negligent conduct in carrying out these repairs. While Plaintiff has plead negligence, he has not provided factual allegations to support this claim nor has he alleged all of the elements of a negligence claim including duty, breach, and causation. However, because dismissal is a harsh remedy, the Court denies the Motion to Dismiss at this time and grants Plaintiff leave to amend the Complaint, so he can cure the deficiencies noted, if possible. If upon amendment, Plaintiff fails to provide sufficient factual support for each element of the claim, upon motion by a party, the Court will reconsider the issue.

**IT IS HEREBY ORDERED** that SWB's Motion to Dismiss[75] is **DENIED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that Plaintiff is granted leave to amend the Complaint within fourteen days of this Order to cure the deficiencies noted, if possible. If upon amendment, Plaintiff fails to provide sufficient factual support for each element of the claim, upon motion by a party, the Court will reconsider the issue.

**NEW ORLEANS, LOUISIANA,** this  14th  day of February, 2019.

*[Signature: Nannette Jolivette Brown]*
**NANNETTE JOLIVETTE BROWN
CHIEF JUDGE
UNITED STATES DISTRICT COURT**

---

[75] Rec. Doc. 20.