UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MATTHEW SPECTOR** | * | **CIVIL ACTION NO. 2:18-cv-08806** |
| **VERSUS** | * | **SECTION "G" – DIVISION "1"** |
| **USAA CASUALTY INSURANCE COMPANY, USAA GENERAL INDEMNITY COMPANY, CITY OF NEW ORLEANS, WALLACE C. DRENNAN, INC., and SEWERAGE AND WATER BOARD OF NEW ORLEANS** | *<br><br>*<br><br>*<br><br>* | **JUDGE NANETTE JOLIVETTE BROWN**<br><br>**MAGISTRATE JANIS VAN MEERVELD** |

**MEMORANDUM IN SUPPORT OF
DEFENDANT'S RULE 12(B)(6) MOTION TO DISMISS**

TO THE HONORABLE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA, MAY IT PLEASE THE COURT:

**INTRODUCTION**

Crossclaim-Defendant, Wallace C. Drennan, Inc. ("Drennan"), moves to dismiss the Crossclaim filed by Sewerage and Water Board of New Orleans ("S&WB") for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6) or, in the alternative, their claim for "defense" reimbursement. The Crossclaim filed by the S&WB arise out of a contract executed between S&WB and Drennan (Contract 30203), notably specific clauses cited by S&WB that they allege require Drennan to defend and indemnify them from the claims originally filed by Plaintiff, Matthew Spector.

First, nowhere in the clauses cited by S&WB does it call for Drennan to cover their defense costs in this lawsuit. Regardless, S&WB alleges that they are entitled to recover "from and against Drennan all of the S&WB's expenses, costs, disbursements, and attorneys' fees

1

incurred in defense of the Amended Complaint." This claim is not rooted in fact or law; defense is entirely different from indemnity, and both require explicit language in the agreement calling for such obligations. There is no obligation for Drennan to cover defense. Therefore, S&WB's claims rooted in that cause of action must be dismissed with prejudice.

Furthermore, regarding S&WB's claim for indemnity, said claim is premature under Louisiana law. S&WB cannot litigate a claim that is not actionable yet. There has not been a finding against S&WB in favor of Plaintiff, and thus their claim for indemnity has not ripened yet. In addition, the clause cited by the S&WB requires a finding of liability and/or negligence on the part of Drennan in order for the clause to become effective; there has been no such finding yet. After all, this litigation is still in its infancy, and fault/liability has not been adjudicated. Louisiana law is clear that an indemnitor is not liable under an indemnity agreement until the indemnitee actually makes payment or sustains a loss. Here, the indemnitee, S&WB, has neither made a payment nor sustained a loss. Accordingly, their claim for indemnity is premature, and this Honorable Court should dismiss that claim as well.

## **FACTUAL BACKGROUND & PROCEDURAL HISTORY**

Plaintiff, Matthew Spector, filed a Petition for Damages in state court on or about August 3, 2018, naming S&WB and Drennan as defendants, among others. The matter was removed to this Honorable Court on or about September 20, 2018.[1] After various Rule 12 motions were filed, argued, and adjudicated, Plaintiff filed the Amended Complaint and Jury Demand on February 28, 2019.[2] In the Amended Complaint, Plaintiff alleges that the S&WB and the City of New Orleans (another co-defendant) agreed to repair and replace street drainage at or near

---

[1] Doc. 1 – Notice of Removal
[2] Doc. 48 – Amended Complaint and Jury Demand

2

Plaintiff's residence.[3] Plaintiff further alleges that this work was put up for bid and Drennan won said bid, and began work in the summer of 2017.[4] Plaintiff alleges that the work performed was faulty and led to excessive pooling of water on his property, which allegedly damaged his home.[5]

S&WB filed their Answer to the Amended Complaint on April 3, 2019, which included a Crossclaim against Drennan.[6] In their Crossclaim, S&WB alleges that they entered into Contract 30203 with Drennan, which covered the aforementioned street repairs near Plaintiff's home, and which included the following paragraphs:

> "The Contractor will maintain, at his own cost and expense, and in good standing, such insurance as will protect the Sewerage and Water Board of New Orleans (the Board), the City of New Orleans (the City), their officers, officials, employees, boards, commissions, and volunteers, as well as the Contractor himself and any Subcontractors from and against any and all claims for damages to public and private property and personal injury, including death, to employees or to the public, which may arise from any operations under this contract or any of its subcontracts."[7]

> "The Contractor shall indemnify and save harmless the Sewerage and Water Board from all suits and actions that may be brought against it by reasons or any injury, or alleged injury, to the person or property of another, resulting from negligence or carelessness in the execution of the work, or because of failure to properly light and guard the same, or on account of any act of commission of omission on the part of the Contractor, his representative or employees."[8]

S&WB cites these clauses in support of their allegation that "Drennan is liable to the S&WB for defense and indemnity from, and contribution to, any and all claims brought against the S&WB arising from Drennan's performance under the Cont[r]act."[9] S&WB further alleges that they are "entitled to recover from and against Drennan all of the S&WB's expenses, costs,

---

[3] Id., paragraph 18
[4] Id., paragraphs 19-20
[5] Id., paragraphs 22-24
[6] Doc. 60 – Answer and Affirmative Defenses to Amended Complaint and Jury Demand, and Crossclaim against Wallace C. Drennan, Inc.
[7] Id., Crossclaim, paragraph 6
[8] Id., Crossclaim, paragraph 7
[9] Id., Crossclaim, paragraph 8

disbursements, and attorneys' fees incurred in defense of the Amended Complaint" and that "if the S&WB is held liable to petitioner Matthew Spector in the Amended Complaint, then the S&WB is entitled to indemnification, reimbursement, recovery, and contribution from Drennan."[10]

## LAW & ARGUMENT

### A. Rule 12(b)(6) Standard

Federal Rule of Civil Procedure 12(b)(6) allows for dismissal of an action "for failure to state a claim upon which relief can be granted." While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, in order to avoid dismissal, the plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level."[11] The United States Supreme Court recently expounded on the *Twombly* standard, explaining that a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face.[12] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[13] In evaluating a motion to dismiss, the Court must construe the complaint liberally and accept all of the plaintiff's factual allegations in the complaint as true.[14]

### B. The clauses cited by S&WB do not call for Drennan to defend the S&WB in this lawsuit; therefore, all of S&WB's claims seeking defense, defense reimbursement, etc. should be dismissed with prejudice.

When the words of a contract are clear and explicit and lead to no absurd consequences,

---

[10] Id., Crossclaim, paragraph 9
[11] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007); See also *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007)
[12] *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)
[13] Id.
[14] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2009)

no further interpretation may be made in search of the parties' intent.[15] An indemnity contract should not be read to impose liability for those losses or liabilities which are neither expressly within its terms nor of such a character that it can be reasonably inferred that the parties intended to include them within the indemnity coverage.[16]

Here, nowhere in the clauses cited by the S&WB exists an obligation for Drennan to defend S&WB or reimburse them for defense costs in the present suit. The word "defense" does not appear and S&WB is apparently inferring that it is implied that Drennan cover their defense costs based off the language of the clauses. That is simply contrary to the law. The words of these clauses are clear and the only relevant language – "shall indemnify and hold harmless" simply does not include any obligation regarding defense. It is not appropriate to go outside of the clear language of the contract, as the law makes clear in Louisiana Civil Code Article 2046.

In *Faucheaux v. Prytania Medical Complex Owners Ass'n*, the appellate court was tasked with the interpretation of certain indemnity provisions in a lease agreement between two parties.[17] The provisions, in pertinent part, stated:

> "Lessee…shall at all times save and keep Lessor free and harmless from any and all damages or liability, including damages to the property of Lessor, occasioned by any act of neglect of Lessee, or any agent or employee of Lessee, or any tenant or person holding under Lessee, and shall indemnify and save harmless Lessor against and from any loss, costs, damage and expenses arising out of or in connection with…any accident to or injury to any person or property…"[18]

The Fourth Circuit Court of Appeal for the State of Louisiana, overturning the trial court's ruling, held that the above provision did not include a "duty to defend."[19] The court

---

[15] Louisiana Civil Code Art. 2046
[16] *Hudson v. Kim Susan, Inc.*, 2007 U.S. Dist. LEXIS 25895 (E.D. La. Apr. 5, 2007)
[17] 93-2042 (La. App. 4 Cir. 8/17/94), 642 So.2d 242, 243
[18] Id. at 243-244
[19] Id. at 244

5

noted that the obligations imposed by that paragraph encompassed "the loss, costs, damages, and expenses that Prytania may incur," but there was "no mention of assuming Prytania's defense."[20]

Similarly, in *Robin v. Wong*, the appellate court was tasked with deciding whether the language "any claims, loss, or damages" contained in an indemnity clause embraced the costs of defense, including attorney's fees.[21] The relevant provision stated: "Contractor (HealthFocus) shall hold the Hospital (Methodist) harmless for any claims, loss, or damage which the Hospital may suffer as a result of any act of contractor or its agents or employees."[22] Finding the language of the contract to be strikingly similar to the language in the *Faucheaux* case, the *Robin* court held that the indemnification clause at issue excluded a duty to defend.[23]

Similar to the *Faucheaux* and *Robin* provisions, the clauses cited by S&WB do not contain any language regarding a duty to defend on behalf of Drennan. The language cited by S&WB only reference a duty to "indemnify" and "hold harmless" – there is no mention at all of a duty to "defend." To the extent that S&WB is going to argue that "all suits and actions" covers defense, the courts in *Faucheaux* and *Robin* make it clear that a duty to defend requires specific language that encompasses such a duty. There is no such language in the provisions cited by S&WB. Accordingly, as the law is clear on this issue, Drennan has no duty to defend S&WB. Thus, S&WB's claims relating to defense costs, defense reimbursement, and the like must be dismissed with prejudice.

---

[20] Id.
[21] 07-0547, p. 4 (La. App. 4 Cir. 10/24/07), 971 So.2d 368, 388
[22] Id. at 387
[23] Id. at 389

**C. S&WB's claims for indemnity are premature under Louisiana law, as S&WB has not made a payment or sustained a loss, and because there has been no adjudication as to liability, fault, or negligence. Accordingly, S&WB's claims for indemnity must also be dismissed.**

Indemnity means reimbursement, and may lie when one party discharges a liability, which another rightfully should have assumed.[24] It is based on the principle that everyone is responsible for his own wrongdoing, and if another person has been compelled to pay a judgment which ought to have been paid by the wrongdoer, then the loss should be shifted to the party whose negligence or tortious act caused the loss.[25] Thus, an action for indemnity is a separate substantive cause of action, arising at a different time, independent of the underlying tort, with its own prescriptive period.[26]

The purpose of an indemnity agreement is to allocate the risk inherent in the activity between the parties to the contract.[27] However, an indemnitor is not liable under an indemnity agreement until the indemnitee actually makes payment or sustains a loss.[28]

The Louisiana Supreme Court in *Suire v. Lafayette City-Parish Consolidated Government* has addressed the issue of whether a co-defendant's cross-claim against another co-defendant under an indemnity agreement was premature.[29] The *Suire* case involved a homeowner filing suit against the City of Lafayette, Boh Brothers (the contractor), and Dubroc (the engineer), for property damage to his own arising out of dredging operations.[30] The City and Dubroc filed cross-claims against Boh Brothers arising out of an indemnity provision

---

[24] Id., citing *Reggio v. E.T.I.*, 07-1433 (La. 12/12/08)
[25] Id., citing *Reggio*, 15 So.3d at 955
[26] Id.
[27] Id. at pp. 5-6, citing *Naquin v. Louisiana Power & Light Company*, 05-2103 (La. App. 1 Cir. 9/15/06), 943 So.2d 1156, 1161, writ denied, 06-2476 (La. 12/15/06), 945 So.2d 691
[28] Id. at p. 6, citing *Suire v. Lafayette City-Parish Consolidated Government*, 04-1459, 04-1460, 04-1466 (La. 4/12/05), 907 So.2d 37, 51
[29] *Suire*, 907 So.2d at 51
[30] Id. at 50

contained in the contract between the City and Boh Brothers.[31] The issue went up to the Louisiana Supreme Court, who held that the cross-claims for defense under an indemnity agreement were premature.[32] The Supreme Court reasoned:

> "An indemnitor is not liable under an indemnity agreement until the indemnitee 'actually makes payment or sustains loss.'[33] Thus, this court has held that 'a cause of action for indemnification for cost of defense does not arise until the lawsuit is concluded and defense costs are paid.'[34] As this lawsuit is still pending, and no determination of liability has been made, the court of appeal erred in finding that [the contractor] owed a duty to defend, or pay for defense costs, under the terms of the contractual indemnity provision. We therefore reverse the court of appeal's holding that [the contractor] owed a duty as a matter of law to defend the City and [the engineer], and defer this claim until the lawsuit is concluded and liability is determined."[35]

In the present case, the provisions cited by S&WB require a finding of negligence on the part of Drennan, which has not been done yet. The law also requires a payment made by the indemnitee (S&WB) or a loss sustained by the indemnitee (S&WB) before indemnity comes into effect. That has not occurred yet either.

Drennan is not yet arguing that S&WB does not have a legitimate claim for indemnity, and Drennan expressly reserves the right to challenge that legitimacy when the time comes. But the time simply has not come yet for the indemnity provision to become actionable. It is unreasonable to allow S&WB to move forward with their Crossclaim and go through discovery when there has been no adjudication of liability and when S&WB has not sustained a loss or made a payment yet. Drennan should not be expected to expend costs defending a claim that is not yet actionable under relevant law.

Accordingly, S&WB's claim for indemnity against Drennan is premature and, thus, their claims fall short under the standard set forth under Rule 12(b)(6). The time to bring such a claim

---

[31] Id.
[32] Id. at 51
[33] Id., citing *Meloy v. Conoco, Inc.*, 504 So.2d 833, 839 (La. 1987)
[34] Id., citing *Morella v. Bd. of Comm'rs*, 04-0312 (La. App. 4 Cir. 10/27/04), 888 So.2d 321, 325
[35] Id.

is at the conclusion of this lawsuit, and only after certain conditions are met (finding of negligence or worse on Drennan, S&WB paying Plaintiff for damages, etc.). To the extent that this Honorable Court finds that the provisions do require a duty to defend, Drennan avers that those claims are premature as well. Either way, this Honorable Court should dismiss S&WB's claims under Rule 12(b)(6).

## CONCLUSION

It is clear from the plain language of the contractual provisions cited by S&WB that there is no duty to defend on the part of Drennan. The word "defense" does not appear and said duty is in no way implied. Louisiana courts have already interpreted similarly-worded provisions and have held that a duty to defend is not included unless explicitly called for. The provisions here do not require a duty to defend, and S&WB is overreaching here with their allegation that Drennan is obligated to do so. Even if this Honorable Court does not conclude that S&WB's claims for indemnity are premature, this Court should dismiss (with prejudice) their claims related to any duty to defend as such claims are simply not rooted in fact or law.

Regarding their claims for indemnity, said claims are premature and are not yet actionable under applicable Louisiana law. Certain conditions need to be met before S&WB can claim indemnity under Contract 30203, including: (1) A finding of negligence or fault on the part of Drennan; and (2) S&WB must make a payment or sustain a loss as a result of Plaintiff's suit. None of those conditions have been met yet. Accordingly, S&WB's claims for indemnity have not yet ripened, and they must be dismissed as well.

Respectfully submitted,

LOEB LAW FIRM

BY: */s/ Sean McAllister*
J. SCOTT LOEB (#25771)
SEAN MCALLISTER (#35900)
1180 West Causeway Approach
Mandeville, Louisiana  70471
Telephone: (985) 778-0220
Facsimile: (985) 246-5639
Email: sloeb@loeb-law.com
*Attorneys for Defendant, Wallace C. Drennan, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of April 2019, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to counsel for all parties to this proceeding**.**

*/s/ Sean McAllister*
SEAN MCALLISTER