# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MATTHEW SPECTOR** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-8806-WBV-JVM** |
| **USAA CASUALTY INSURANCE COMPANY, ET AL.** | **SECTION: D (1)** |

## ORDER

Before the Court is USAA General Indemnity Company's Motion to Strike Jury Demand.[1] The Motion is unopposed. For the following reasons, the Motion is **GRANTED.**

## I. BACKGROUND

On or about August 3, 2018, Matthew Spector ("Plaintiff") filed a Petition for Damages and Jury Demand in Civil District Court for the Parish of Orleans, Louisiana, for the damages sustained by his home as a result of the August 2017 flood event in New Orleans and a city construction project on his street.[2] Plaintiff named as defendants USAA Casualty Insurance Company, USAA General Indemnity Company ("USAA GIC"), the City of New Orleans, Wallace C. Drennan, Inc., and the Sewerage and Water Board of New Orleans. The Petition specifically includes a jury demand.[3]

---

[1] R. Doc. 15.
[2] R. Doc. 1-2 at ¶¶ 6-22.
[3] *Id*. at ¶ 27.

On September 20, 2018, USAA GIC removed the case to this Court based upon 28 U.S.C. § 1331, federal question jurisdiction, and the National Flood Insurance Act, 42 U.S.C. § 4001, *et seq.*

USAA GIC filed the instant Motion to Strike Jury Demand on November 9, 2018.[4]  USAA GIC asserts that Plaintiff is not entitled to a jury trial on his claims against USAA GIC in its capacity as a Write-Your-Own flood insurance provider because: (1) the Seventh Amendment right to a jury trial does not apply, since the funds at issue are United States Treasury funds and not the funds of USAA GIC; and (2) the National Flood Insurance Act of 1968 does not allow for jury trials involving the National Flood Insurance Program.[5]  No opposition to the Motion has been filed.[6]

On November 13, 2018, the Court issued a Scheduling Order and fixed the matter for a jury trial to begin on December 2, 2019.[7]

## II.    DISCUSSION

The Seventh Amendment to the United States Constitution provides for the right to trial by jury in civil suits at common law where the amount in controversy exceeds twenty dollars.[8]  However, it is well settled that the right to a jury trial does not apply in actions to recover funds from the United States Treasury.[9]

---

[4] R. Doc. 15.
[5] *Id.* at p. 2; R. Doc. 15-1 at pp. 2-3
[6] Local Rule 7.5 of the Eastern District of Louisiana provides, in pertinent part, that, "Each party opposing a motion must file and serve a memorandum in opposition to the motion with citations of authorities no later than eight days before the noticed submission date."
[7] R. Doc. 19.
[8] U.S. CONST. amend. VII.
[9] *Lehman v. Nakshian*, 453 U.S. 156, 160, 101 S.Ct. 2698, 2701, 69 L.Ed.2d 548 (1981).

The Federal Emergency Management Agency ("FEMA") operates the National Flood Insurance Program ("NFIP"), and in doing so, uses private insurance companies known as Write-Your-Own ("WYO") carriers to issue flood insurance policies.[10] "The federal government, however, funds the NFIP, covering the 'cost incurred in the adjustment and payment of any claims for losses.'"[11] The Fifth Circuit has recognized that, "WYO carriers are fiscal, not general, agents of the United States."[12] The Fifth Circuit has further acknowledged that, "[A] suit against a WYO company is the functional equivalent of a suit against FEMA.'"[13] The Fifth Circuit has further held that a judgment against a WYO Program carrier constitutes a direct charge on the public treasury.[14]

This Court has consistently held that jury trials are unavailable in matters involving WYO Program carriers.[15] Because Plaintiff sued USAA GIC in its capacity as a WYO Program carrier, it is a fiscal agent of the United States and there is no

[10] *Bennet v. Farmers Ins. Exchange*, Civ. A. No. 07-4539, 2008 WL 4443067, at *1 (E.D. La. Sept. 26, 2008) (citation omitted).

[11] *Id.* (*quoting* 42 U.S.C. § 4017(d)(1)).

[12] *Ekhlassi v. National Lloyds Ins. Co.*, 926 F.3d 130, 135 & 137 (5th Cir. 2019) (quoting *Van Holt v. Liberty Mut. Fire Ins. Co.*, 163 F.3d 161, 165 (3d Cir. 1998) (*citing* 42 U.S.C. § 4071(a)(1))).

[13] *Ekhlassi*, 926 F.3d at 137 (quoting *Van Holt*, 163 F.3d at 166-67).

[14] *Gowland v. Aetna*, 143 F.3d 951, 955 (5th Cir. 1998) (citing *In re Estate of Lee*, 812 F.2d 253, 256 (5th Cir. 1986)).

[15] *See*, *Bennet*, Civ. A. No. 07-4539, 2008 WL 4443067; *Davis v. American Sec. Ins. Co.*, Civ. A. No. 07-4158, 2008 WL 170697 (E.D. La. Jan. 17, 2008); *Leach v. Ameriquest Mortgage Servs.*, Civ. A. No. 06-1981, 2007 WL 2668888 (E.D. La. Sept. 6, 2007); *Welch v. State Farm Fire & Cas. Co.*, Civ. A. No. 06-5130, 2007 WL 2903049 (E.D. La. Sept. 27, 2007); *Curole v. Louisiana Citizens Property Ins. Corp.*, Civ. A. No. 06-8539, 2007 WL 625933, at *5 (E.D. La. Feb. 23, 2007); *See also*, *Markey v. Louisiana Citizens Fair Plan*, Civ. A. No. 06-5473 (E.D. La. Feb. 21, 2008) (R. Doc. 105) (Order granting motion to quash jury demand).

right to trial by jury on Plaintiff's flood claims in this case. Plaintiff, however, does retain the right to a jury trial for other matters not related to the flood claims.[16]

Accordingly,

**IT IS HEREBY ORDERED** that USAA General Indemnity Company's Motion to Strike Jury Demand[17] is **GRANTED**. Trial will commence on December 2, 2019 at 9:00 a.m. with a jury. The jury will only consider matters related to non-flood insurance claims.

New Orleans, Louisiana, August 22, 2019.

_____
**WENDY B. VITTER**
**United States District Judge**

---

[16] *See*, *Bennet*, Civ. A. No. 07-4539, 2008 WL 4443067, at *2 (granting WYO carrier's motion to quash jury demand with respect to any flood claims); *Leach*, Civ. A. No. 06-1981, 2007 WL 2668888, at *1 (finding plaintiffs did not have a right to trial by jury on their flood claims against a WYO carrier, but that plaintiffs retained the right to a jury for other matters not related to flood claims); *Curole*, Civ. A. No. 06-8539, 2007 WL 625933, at *5 (granting FEMA's motion to strike plaintiffs' request for a jury trial on their claims against FEMA only).
[17] R. Doc. 15.