UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MATTHEW SPECTOR, | 18-CV-08806 |
| Plaintiff, | |
| VERSUS | JUDGE WENDY B VITTER |
| USAA CASUALTY INSURANCE COMPANY, USAA GENERAL INDEMNITY CO., WALLACE C. DRENNAN, INC., SEWERAGE AND WATER BOARD OF NEW ORLEANS, NEW ORLEANS CITY, UNITED SERVICES AUTOMOBILE ASSOCIATION, INCORRECTLY REFERRED TO AS USAA CASUALTY INSURANCE COMPANY; | MAGISTRATE JUDGE JANIS VAN MEERVELD |
| Defendants. | |

## ORDER AND REASONS

Before the Court is plaintiff's Motion for Leave to File a Second Amended Complaint. (Rec. Doc. 93). For the following reasons, the Motion is GRANTED.

### Background

Plaintiff Matthew Spector's present complaint alleges that street repair work performed by Wallace C. Drennan, Inc. ("Drennan") on behalf of the Sewerage and Water Board was faulty and failed to provide proper and adequate drainage resulting in flooding to his residence. Trial is set to begin on December 2, 2019, and the deadline to amend pleadings passed on December 18, 2018. Spector asserts that during the depositions of Drennan's employees in early October 2019, he learned that Drennan had retained C&M Construction Group, Inc. ("C&M") to perform restoration work, including asphalt and paving around plaintiff's property. Spector now seeks to name C&M as an additional defendant and to allege that C&M's faulty street repairs and failure to provide

1

adequate drainage resulted in the flooding of his property. Spector's motion was set for oral argument on October 30, 2019.

Drennan responds that it provided the identity of C&M in its May 24, 2019, discovery responses. Indeed, Interrogatory No. 3 asked Drennan to identify subcontractors who worked on the project. Drennan identified C&M as having performed work on Belfast Street. It also identified four other companies as having subcontracts related to the underlying construction contract. Drennan adds that at the same time it produced a document titled "Economically Disadvantaged Business Participation Summary Sheet," which listed C&M and identified "asphalt & concrete" as the scope of work performed by it. Drennan points out that Spector's theory of liability is improper paving. It argues that Spector should have known in May 2019 that C&M performed the allegedly improper paving. Drennan notes that there are less than 50 days until the jury trial with numerous critical deadlines that will pass before C&M even makes an appearance. It says that over 40 hours of depositions have already been conducted and two separate expert inspections have been performed. It says C&M will be prejudiced if it is forced to go to trial without having participated in pretrial activities, but the other parties will be prejudiced if all the discovery must be redone. Drennan submits that it was Spector's responsibility to add C&M when he was notified of its role in May 2019 and that Spector should not be allowed to prejudice the defendants by adding C&M at this late date.

In reply, Spector denies that Drennan's discovery responses gave him notice that C&M was a potentially responsible party. He insists that Drennan's discovery responses did not give any understanding of the scope of C&M's work or its role in paving his driveway, paving the surrounding sidewalks, and paving the roadway in front of his house. Spector points out that Drennan identified a number of subcontractors in its May 2019 discovery responses but did not

2

specify that it believed C&M performed all of the work and was specifically responsible for any or all of the alleged damages. He argues that Drennan should have identified C&M in response to other interrogatory responses but did not. For example, Interrogatory No. 13 asked Drennan to identify those entities responsible for responding to, investigating, assessing, monitoring and/or remediating the street or drainage repair failures relating to the incident in question at or near Spector's property. Drennan did not identify C&M. Spector also contends that Drennan could have identified C&M in response to his requests for production of documents seeking communications and documents exchanged with subcontractors by producing such documents.

Spector insists that he did not learn that Drennan considered C&M to be the only responsible party for the surface work performed on his street until the October 2019 depositions. He says he also did not learn that C&M was the only entity that performed restoration work at this location of the larger construction project until the depositions. He adds that he did not learn until the depositions that C&M is funding the defense of this matter on Drennan's behalf.

Spector also denies that the other parties would be unduly prejudiced. He points out that all parties have agreed to move the trial date in part because expert depositions have not yet been performed. He says that since C&M has been effectively underwriting this litigation, it is already aware of the discovery that has been conducted and will be given access to all existing discovery materials. He also submits that if Spector or others must be re-deposed, it can be done in a non-duplicative manner.

<u>Law and Analysis</u>

Under Federal Rule of Civil Procedure 15(a)(2), when the time period for amending a pleading as a matter of course has passed, a party may amend its pleadings by consent of the parties or by leave of court. "The court should freely give leave when justice so requires." Fed. R. Civ.

Proc. 15(a)(2). Thus, the United States Court of Appeals for the Fifth Circuit instructs that the "district court must possess a 'substantial reason' to deny a request for leave to amend." Smith v. EMC Corp., 393 F.3d 590, 595 (5th Cir. 2004). Nonetheless, "that generous standard is tempered by the necessary power of a district court to manage a case." Yumilicious Franchise, L.L.C. v. Barrie, 819 F.3d 170, 177 (5th Cir. 2016) (quoting Schiller v. Physicians Res. Grp. Inc., 342 F.3d 563, 566 (5th Cir. 2003)). The court may consider numerous factors when deciding whether to grant a motion for leave to amend, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." Schiller v. Physicians Res. Grp. Inc., 342 F.3d 563, 566 (5th Cir. 2003).

Where the court ordered deadline for amending pleadings has passed, that schedule "may be modified" to allow for additional amendments "only for good cause and with the judge's consent." Fed. R. Civ. Proc. 16(b)(4); see S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA, 315 F.3d 533, 536 (5th Cir. 2003) ("We take this opportunity to make clear that Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired."). When determining whether the movant has shown good cause, the Court considers "(1) the explanation for the failure to [timely move for leave to amend]; (2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice.' " S&W Enterprises, 315 F.3d at 536 (quoting Reliance Ins. Co. v. Louisiana Land & Expl. Co., 110 F.3d 253, 257 (5th Cir. 1997)) (alterations in original).

Here, the reason for Spector's delay in adding C&M is disputed. Spector says that he only learned of C&M's role during depositions earlier this month. Drennan reports that it notified Spector of C&M's role in its May 24, 2019, discovery responses. Spector challenges this

4

characterization, saying that Drennan failed to identify C&M as having responsibility for his damages and failed to provide enough information for him to know the details of C&M's involvement. Although Spector might have been able to identify C&M as a potentially responsible party through Drennan's May 2019 discovery responses, the court finds that Spector's failure to make those connections before October 2019 is justifiable. The court takes note that Spector's Interrogatory No. 9 asked if Drennan contended that "any person, other than you or the plaintiff, contributed to the existence of the drainage defect from the Subject Project or the damages claimed by the Plaintiff?" Drennan objected on the grounds that the request sought a legal conclusion and then responded that "Yes. Plaintiff's property issues were pre-existing." At oral argument, Drennan explained that it did not believe there was a defect and that its position is that neither it nor C&M were liable. Nonetheless, counsel conceded that they would expect and even seek to have C&M included on the verdict form as a potentially liable party. While Drennan's response to Interrogatory No. 9 may have been technically accurate, Spector's failure to realize that C&M was the only entity that performed the work at issue here is understandable in light of the minimal way in which C&M was identified in Drennan's discovery responses. Spector's explanation weighs slightly in favor of granting leave to amend.

Next, the court finds the amendment is very important because C&M may bear some responsibility for the damages Spector allegedly suffered. Judicial economy is served by having all potentially liable parties present at trial. Both Drennan and Spector agreed at oral argument that C&M would need to be listed on the verdict form. If the jury assigns fault to C&M, Spector will not be able to obtain a judgment against it unless it is through this lawsuit. Indeed, Spector conceded that while its claim against C&M is not prescribed if C&M is joined to this lawsuit because the amendment will relate back to the original filing, relation back will not be available in

5

a new lawsuit and his claim against C&M would be prescribed. Accordingly, C&M must be joined as a defendant to this lawsuit or Spector will not have an opportunity to obtain relief against it. The importance of the amendment weighs in favor of granting the motion.

As to the prejudice to be suffered by the parties, the court notes that a continuance is available to cure any prejudice caused by the existing trial date and the passing of deadlines. Indeed, a Joint Motion to Continue the trial was already filed insisting other good reasons to continue. A continuance will not cure the prejudice to be faced by the existing defendants if they are required to re-do any past discovery for C&M's benefit. At oral argument, however, it became clear that discovery as to C&M will need to be conducted whether or not C&M is a party. The court also agrees with Spector that if any depositions must be retaken, they can be conducted in a way that avoids duplication of previous testimony. While there is some minimal prejudice to be suffered, the court finds that it does not weigh strongly in favor of denying Spector's motion.

After a consideration of Spector's explanation for his delay, the importance of the amendment, the potential prejudice to be suffered if the amendment is allowed, and the availability of a continuance, the court finds that Spector has established good cause and that justice requires the granting of Spector's motion for leave to amend.

## Conclusion

For the foregoing reasons, the Motion for Leave to File a Second Amended Complaint (Rec. Doc. 93) is GRANTED. Spector's Second Amended Complaint shall be filed into the record.

New Orleans, Louisiana, this 30th day of October, 2019.

_____
Janis van Meerveld
United States Magistrate Judge